COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH 

 

                                        NO.
2-06-204-CV

IN THE INTEREST OF 

M.A.K.,
A MINOR CHILD                                                                       

 

                                               ----------

           FROM THE 325TH
DISTRICT COURT OF TARRANT COUNTY

                                               ----------

                  MEMORANDUM OPINION[1] AND JUDGMENT

                                               ----------








On September 25, 2006, appellant, acting pro se, filed his brief with
this court.  On November 7, 2006, we
notified appellant that his brief was defective in substance and form,
specifically listing the ways in which the brief does not comply with the rules
of appellate procedure.  See TEX. R. APP. P. 38.6(d), (f), (h) and 42.3. 
We also stated that failure to file an amended brief complying with the
rules on or before November 21, 2006, could result in us striking the
noncompliant brief, waiver of any nonconforming points, or dismissal of the
appeal.   See TEX. R. APP. P. 38.9.  Appellant has not
filed an amended brief, nor has he responded to our letter.

Rule 38.9 provides that Asubstantial compliance@ with the briefing rules is required subject to exceptions.  See TEX. R. APP. P. 38.9.  First, if the court
determines that the briefing rules have been flagrantly violated as to form,
the court may require the appellant to amend, supplement, or redraw his brief.  Id. 
38.9(a).  If the appellant files
another brief that does not comply, the court may strike the brief, prohibit
the party from filing another, and proceed as if the party did not file a
brief.  Id. 

Accordingly, because this court informed appellant of the substantial
defects in his brief, and the appellant failed to file an amended brief curing
those defects, we strike appellant=s brief and dismiss the appeal. 
See TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(c); Newman v. Clark, 113 S.W.3d
622, 623 (Tex. App. BDallas 2003,
no pet.).

 

PER CURIAM               

 

 

PANEL D:  GARDNER, WALKER, and MCCOY, JJ.

 

DELIVERED:  February 15, 2007

 











[1]See Tex. R. App. P. 47.4.